**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED
APR 1 9 2002

| | |
|---|---|
| JAMES P. BRENEISEN, JR.,<br>BARBARA L. BRENEISEN; LAURA M.<br>JONES and ANNA M. LINEWEAVER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| MOTOROLA, INC., JUNE JOHNSON,<br>DARLENE PATTERSON, DON SMITH<br>ALAN SHAW, FRANK GALINDO,<br>and ROY FAIN, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**02C 2799**

Case No. _____

JUDGE HOLDERMAN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**NOTICE OF FILING**

DOCKETED
APR 1 9 2002

To:   Peter T. Shovlain & Associates
      210 N. Martin Luther King, Jr. Avenue
      Waukegan, Illinois 60079-0099

PLEASE TAKE NOTICE that on April 18, 2002, Defendants filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendants' Notice of Removal, a true and correct copy of which is served upon you.

Respectfully submitted,

DEFENDANTS MOTOROLA, INC., JUNE JOHNSON, DARLENE PATTERSON, DON SMITH, ALAN SHAW, FRANK GALINDO and ROY FAIN

By _____*Theresa R. Shea*_____
One of Their Attorneys

Michael A. Warner
Susan F. Gallagher
Theresa R. Shea
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

Dated: April 17, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DOCKETED**
APR 1 9 2002

JAMES P. BRENEISEN, JR.,  )
BARBARA L. BRENEISEN; LAURA M.  )
JONES and ANNA M. LINEWEAVER,  )
)
Plaintiffs,  )
)
v.  )  Case No. 02C 2799
)
MOTOROLA, INC., JUNE JOHNSON,  )
DARLENE PATTERSON, DON SMITH  )
ALAN SHAW, FRANK GALINDO,  )  JUDGE HOLDERMAN
and ROY FAIN,  )
Defendants.  )

**NOTICE OF REMOVAL**

MAGISTRATE JUDGE
NE SOAT BROWN

Defendants Motorola, Inc., June Johnson, Darlene Patterson, Don Smith, Alan Shaw, Frank

Galindo and Roy Fain ("Defendants"), by its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446

hereby files this Notice of Removal with respect to Case No. 02 L 235, which is currently pending in the

Circuit Court of the Nineteenth Judicial Circuit, Lake County, State of Illinois, and in support thereof,

states as follows:

1.     On March 20, 2002, Plaintiffs James P. Breneisen, Barbara L. Breneisen, Laura M.

Jones, and Anna M. Lineweaver ("Plaintiffs"), filed a Complaint in the Circuit Court of the Nineteenth

Judicial Circuit, Lake County, which was assigned Case No. 02 L 235. This Complaint was personally

served on each of the Defendants between March 22, 2002 and April 6, 2002. A copy of the Complaint

is attached at Tab A.

2.     In the Complaint, Plaintiffs allege that Defendants violated the Family and Medical

Leave Act, 29 U.S.C. § 2601 et seq. and intentionally inflicted emotional distress upon them.

3.     This action is one which may be removed by Defendants pursuant to 28 U.S.C. §§1331

and 1441(b) because Plaintiffs' claims arise under the laws of the United States. Specifically, Plaintiffs

claim that Defendants engaged in actions which violated the Family and Medical Leave Act, 29 U.S.C. §

2601 et seq. Accordingly, this is an action founded on claims under the laws of the United States and is

a civil action over which the District Courts of the United States have original jurisdiction. Thus, this

case may be removed to this Court pursuant to 28 U.S.C. § 1441, which states that an entire action is

removable if it contains a separate and independent cause of action which itself is removable pursuant to

28 U.S.C. § 1331.

      4.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the

Federal Rules of Civil Procedure.

      5.     Defendants will give written notice of the filing of this Notice of Removal to Plaintiffs

and will file a copy of the same with the Clerk of the Circuit Court of Lake County.

Respectfully submitted,

DEFENDANTS MOTOROLA, INC., JUNE
JOHNSON, DARLENE PATTERSON, DON SMITH,
ALAN SHAW, FRANK GALINDO and ROY FAIN

By    _Theresa R. Shea_
         One of Their Attorneys

Michael A. Warner
Susan F. Gallagher
Theresa R. Shea
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

Dated: April 18, 2002

20109632

# EXHIBIT A

Mar-27-2002 13:42   MOTOROLA PD                       847-576-3750        T-473  P.004   F-967

STATE OF ILLINOIS      )
                       ) SS:
COUNTY OF LAKE         )

**JOHN GOSHGARIAN**

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY ILLINOIS

JAMES P. BRENEISEN, JR.;           )
BARBARA L. BRENEISEN; LAURA M. JONES )
and ANNA M. LINEWEAVER;            )
                                   )
          Plaintiffs,              )
                                   )
v.                                 )   GEN. NO.   02 L 235
                                   )
MOTOROLA, INC., a corporation;     )
JUNE JOHNSON, individually and     )
not as an employee of MOTOROLA,    )
INC.; DARLENE PATTERSON,           )
individually and not as an         )
employee of MOTOROLA, INC.;        )
DON SMITH, individually and not    )
as an employee of MOTOROLA, INC.;  )
ALAN SHAW, individually and not    )
as an employee of MOTOROLA,        )
INC.; FRANK GALINDO,               )
individually and not as an         )
employee of MOTOROLA, INC.,        )
and ROY FAIN, individually and     )
not as an employee of MOTOROLA,    )
INC.,                              )
                                   )
          Defendants.              )

**FILED**

**MAR 2 0 2002**

CIRCUIT CLERK

**COMPLAINT AT LAW**

**COUNT I**

Now comes the Plaintiff, JAMES P. BRENEISEN, JR., by and

through his attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and

complaining of the Defendant, MOTOROLA, INC., a corporation,

states as follows:

**NOTICE**
BY LOCAL RULE **3.12**
THIS CASE IS HEREBY SET FOR A SCHEDULING
CONFERENCE IN COURTROOM C401 ON July 10
20 02, AT 9 AM/PM. FAILURE TO APPEAR MAY RESULT
IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT
BEING ENTERED.

Mar-27-2002 13:42    From MOTOROLA IPD                847-576-1773        T-473  P.005    F-807

1.    That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.    That at all times relevant herein, the Plaintiff, JAMES P. BRENEISEN, JR., was and continues to be an employee of the Defendant, MOTOROLA, INC.

3.    That in 2001, the Plaintiff, JAMES P. BRENEISEN, JR., took medical leave during various periods between January, 2001 and September 4, 2001, due to serious medical conditions.

4.    That the Plaintiff, JAMES P. BRENEISEN, JR., returned to his employment with the Defendant, MOTOROLA, INC., for an approximate two week period in April, 2001 and thereafter on September 4, 2001.

5.    That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

a.    Failed to return the Plaintiff, JAMES P. BRENEISEN, JR., to his former employment position or an equivalent employment position following his return to work after his medical leaves in 2001;

b.    Failed to return the Plaintiff, JAMES P. BRENEISEN, JR., to an employment position having the same or equivalent working conditions, privileges and status

as his former employment position after his return to
work from his medical leaves in 2001;.

c.   Failed to return the Plaintiff, JAMES P. BRENEISEN, JR.,
to an employment position requiring the same skills,
duties, responsibilities, and authority as his former
position after his return to work from his medical
leaves in 2001;

d.   Wrongfully demoted the Plaintiff, JAMES P. BRENEISEN,
JR.,  because of his medical leaves taken in 2001;

e.   Wrongfully harassed the Plaintiff, JAMES P. BRENEISEN,
JR., because of his absences from work while on medical
leave in 2001;

f.   Wrongfully harassed the Plaintiff, JAMES P. BRENEISEN,
JR., in order to discourage him from the future use of
medical leave pursuant to the federal Family and
Medical Leave Act;

g.   Wrongfully took intimidating actions against the
Plaintiff, JAMES P. BRENEISEN, JR., after his medical
leaves taken pursuant to the federal Family and Medical
Leave Act;

h.   Wrongfully gave the Plaintiff, JAMES P. BRENEISEN, JR.,
poor evaluation reports, in retaliation for his
absences while on medical leave; and

i.   Wrongfully denied the Plaintiff, JAMES P. BRENEISEN,
JR., promotion in retaliation for his absences from

work while on medical leave under the Family and
Medical Leave Act.

6. That the Plaintiff's entitlement to medical leave was
interfered with by the Defendant, MOTOROLA, INC., in violation of
the federal Family and Medical Leave Act (29 U.S.C. 2615).

7. That as a direct and proximate result of one or more
of the aforesaid acts, the Plaintiff was injured and has lost and
will in the future lose other great economic gains, which he
would have acquired had the Defendant, MOTOROLA, INC., not
violated his rights under the federal Family and Medical Leave
Act.

WHEREFORE, the Plaintiff, JAMES P. BRENEISEN, JR., prays
judgment against the Defendant, MOTOROLA, INC., in an amount in
excess of Fifty Thousand Dollars ($50,000.00), being the
jurisdictional limits of the Law Division of the Circuit Court of
Lake County, Illinois, plus interest, attorney's fees and expert
fees pursuant to the federal Family and Medical Leave Act and its
implementing Regulations.

COUNT II

Now comes the Plaintiff, JAMES P. BRENEISEN, JR., by and
through his attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and
complaining of the Defendant, MOTOROLA, INC., a corporation,
states as follows:

1. That at all times relevant herein, the Defendant,

4

Mar-27-2002 13:42    FROM-MOTOROLA IPD                    847-576-3750        T-473  P.003   F-007

MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.   That at all times relevant herein, the Plaintiff, JAMES P. BRENEISEN, JR., was and continues to be an employee of the Defendant, MOTOROLA, INC.

3.   That in 2001, the Plaintiff, JAMES P. BRENEISEN, JR., took medical leave during various periods between January, 2001 and September 4, 2001, due to serious medical conditions.

4.   That the Plaintiff, JAMES P. BRENEISEN, JR., returned to his employment with the Defendant, MOTOROLA, INC., for an approximate two week period in April and thereafter, on September 4, 2001.

5.   That the Defendant, MOTOROLA, INC., violated the federal Family and medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

  a.   Wilfully failed to return the Plaintiff, JAMES P. BRENEISEN, JR., to his former employment position or an equivalent employment position following his return to work after his medical leaves in 2001;

  b.   Wilfully failed to return the Plaintiff, JAMES P. BRENEISEN, JR., to an employment position having the same or equivalent working conditions, privileges and status as his former employment position after his

5

Mar-27-2002 13:42    From-MOTOROLA IPD                847-576-3750       T-473  P.009    F-867



return to work from his medical leaves in 2001;

c.    Wilfully failed to return the Plaintiff, JAMES P.
BRENEISEN, JR., to an employment position requiring
the same skills, duties, responsibilities, and
authority as his former position after his return to
work from his medical leaves in 2001;

d.    Wilfully and wrongfully demoted the Plaintiff, JAMES
P. BRENEISEN, JR., because of his medical leaves
taken in 2001;

e.    Wilfully and wrongfully harassed the Plaintiff, JAMES
P. BRENEISEN, JR., because of his absences from work
while on medical leave in 2001;

f.    Wilfully harassed the Plaintiff, JAMES P. BRENEISEN,
JR., in order to discourage him from the future use
of medical leave pursuant to the federal Family and
Medical Leave Act;

g.    Wilfully took intimidating actions against the
Plaintiff, JAMES P. BRENEISEN, JR., after his medical
leaves taken pursuant to the federal Family and
Medical Leave Act;

h.    Wilfully gave the Plaintiff, JAMES P. BRENEISEN, JR.,
poor evaluation reports in retaliation for his
absences while on medical leave; and

i.    Wilfully denied the Plaintiff, JAMES P. BRENEISEN,
JR. promotion in retaliation for his absences from

work while on medical leave under the Family and
Medical Leave Act.

6.    That the Plaintiff's entitlement to medical leave was
interfered with by the Defendant, MOTOROLA, INC., in violation
of the federal Family and Medical Leave Act (29 U.S.C. 2615).

7.    That as a direct and proximate result of one or more of
the aforesaid acts, the Plaintiff was injured and has lost and
will in the future lose other great economic gains, which he
would have acquired had the Defendant, MOTOROLA, INC., not
violated his rights under the federal Family and Medical Leave
Act.

WHEREFORE, the Plaintiff, JAMES P. BRENEISEN, JR., prays
judgment against the Defendant, MOTOROLA, INC., for double
damages in an amount in excess of Fifty Thousand Dollars
($50,000.00), being the jurisdictional limits of the Law Division
of the Circuit Court of Lake County, Illinois, plus interest,
attorney's fees and expert fees pursuant to the federal Family
and Medical Leave Act and its implementing Regulations.

### COUNT III

Now comes the Plaintiff, JAMES P. BRENEISEN, JR., by and
through his attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and
complaining of the Defendants, JUNE JOHNSON, individually and not
as an employee of MOTOROLA, INC.; DARLENE PATTERSON, individually
and not as an employee of MOTOROLA, INC.; ALAN SHAW, individually

and not as an employee of MOTOROLA, INC.; FRANK GALINDO,

individually and not as an employee of MOTOROLA, INC.; and ROY

FAIN, individually and not as an employee of MOTOROLA, INC., and

each of them, states as follows:

1.  That at all times relevant herein, the Plaintiff,

JAMES P. BRENEISEN, JR., was and continues to be an employee of

the Defendant, MOTOROLA, INC.

2.  That the Plaintiff, JAMES P. BRENEISEN, JR., took

medical leave, pursuant to the federal Family and Medical Leave

Act (29 U.S.C. 2601 et.seq.), from his employment with MOTOROLA,

INC. in 2001 as a result of serious medical conditions.

3.  That at all times relevant herein, the Defendants,

JUNE JOHNSON, DARLENE PATTERSON, ALAN SHAW, FRANK GALINDO, and

ROY FAIN, and each of them, were employees of MOTOROLA, INC., and

each of them held management and/or supervisory positions.

4.  That following the Plaintiff's return to work from

medical leaves, in April, 2001 and September, 2001, the

Defendants, and each of them, in concert, intentionally inflicted

severe emotional distress on the Plaintiff, JAMES P. BRENEISEN,

JR., by acts of deliberate retaliation for his use of medical

leave, pursuant to the federal Family and Medical Leave Act,

including, but not limited to, the following extreme and

outrageous acts:

a.   Intentionally conspired to, and in fact, eliminate the

     Plaintiff's prior employment position in retaliation

8

MAY-27-2002 13:42     From MOTOROLA IPD                    847-576-3750        T-473  P.012   F-997

for his taking medical leave, in an effort to make an example of him to other employees so that the Plaintiff and other employees will be unwilling to assert their rights under the federal Family and Medical Leave Act in the future;

b. Intentionally conspired to demote the Plaintiff on the pretext that his former position had been eliminated;

c. Intentionally harassed the Plaintiff by threatening to fire him on an almost daily basis from September 4, 2001 to the present;

d. Intentionally harassed the Plaintiff by giving him an excessive workload on a daily basis since September 4, 2001;

e. Intentionally harassed the Plaintiff by underevaluating the quality of his work on a frequent basis since September 4, 2001;

f. Intentionally conspired to and did, in fact, place the Plaintiff in an employment position where he will be denied opportunities for advancement; and,

g. Intentionally conspired to and did, in fact, give the Plaintiff poor performance reviews, so as to deny him opportunities for advancement at Motorola, Inc.

5. That the above-described intentional acts were extreme and outrageous and caused the Plaintiff to suffer severe emotional distress;

Mar-27-2002 13:42    From-MOTOROLA LRO    847-573-9750    T-473  P.013  F-917

6.  That at all times relevant herein, the Defendants, and each of them, knew that the above-described intentional acts would cause the Plaintiff severe emotional distress and proceeded with the above-described intentional acts in a conscious disregard of the severe impact that said intentional acts would have on the Plaintiff.

7.  That at all times relevant herein, the Defendants, and each of them, knew that the Plaintiff was particularly susceptible to emotional stress, and in spite of that knowledge, engaged in the above described pattern of abusive conduct towards the Plaintiff, since he returned to work, following his medical leave.

8.  That the above-described intentional acts of the Defendants, and each of them, were retaliatory, arbitrary, and continued after the Defendants, and each of them, had knowledge of the Plaintiff's deteriorated emotional and physical conditions and did not provide Plaintiff with any expectation of relief regardless of his job performance.

9.  That as a direct and proximate result of one or more of the aforesaid intentional acts, the Plaintiff was injured and has suffered great pains and severe mental anguish and has been required to spend large sums of money for medical care and attention and will lose other great gains which he otherwise would have made and acquired.

WHEREFORE, the Plaintiff, JAMES P. BRENEISEN, JR., prays

10

judgment against the Defendants, JUNE JOHNSON, DARLENE PATTERSON, ALAN SHAW, FRANK GALINDO and ROY FAIN, and each of them individually, in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

### COUNT IV

Now comes the Plaintiff, BARBARA BRENEISEN, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.    That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.    That at all times relevant herein, the Plaintiff, BARBARA BRENEISEN, was and continues to be an employee of the Defendant, MOTOROLA, INC.

3.    That beginning in May, 2001 through December, 2001, the Plaintiff, BARBARA BRENEISEN, has taken intermittent medical leave, due to serious medical conditions of her husband and herself.

4.    That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29

11

C.F.R. 825.100 et. seq.) in one or more of the following ways:

    a.    Failed to return the Plaintiff, BARBARA BRENEISEN, to an employment position requiring the same skills, duties, responsibilities and authority as her former position after her return to work from her above-described medical leaves;

    b.    Wrongfully harassed the Plaintiff, BARBARA BRENEISEN, because of her absences from work while on her above-described medical leaves;

    c.    Wrongfully harassed the Plaintiff, BARBARA BRENEISEN, in order to discourage her from the future use of medical leave pursuant to the federal Family and Medical Leave Act;

    d.    Wrongfully took intimidating actions against the Plaintiff, BARBARA BRENEISEN, after her medical leaves taken pursuant to the federal Family and Medical Leave Act; and

    e.    Wrongfully denied the Plaintiff, BARBARA BRENEISEN, promotion in retaliation for her absences from work, while on medical leave under the Family and Medical Leave Act.

    5.    That the Plaintiff's entitlement to medical leave was interfered with by the Defendant, MOTOROLA, INC., in violation of the federal Family and Medical Leave Act (29 U.S.C. 2615).

6.      That as a direct and proximate result of one or more of the aforesaid acts, the Plaintiff was injured and has lost and will lose other great economic gains, which she would have acquired had the Defendant, MOTOROLA, INC., not violated her rights under the federal Family and Medical Leave Act.

WHEREFORE, the Plaintiff, BARBARA BRENEISEN, prays judgment against the Defendant, MOTOROLA, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus interest, attorney's fees and expert fees pursuant to the federal Family and Medical Leave Act and its implementing Regulations.

### COUNT V

Now comes the Plaintiff, BARBARA BRENEISEN, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.      That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.      That at all times relevant herein, the Plaintiff, BARBARA BRENEISEN, was and continues to be an employee of the Defendant, MOTOROLA, INC.

13

3.    That beginning in May, 2001 through December, 2001, the Plaintiff, BARBARA BRENEISEN, has taken intermittent medical leave due to serious medical conditions of her husband and herself.

4.    That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

a.    Wilfully failed to return the Plaintiff, BARBARA BRENEISEN, to an employment position requiring the same skills, duties, responsibilities, and authority as her former position after her return to work from her above-described medical leaves;

b.    Wilfully harassed the Plaintiff, BARBARA BRENEISEN, because of her absences from work while on medical leaves;

c.    Wilfully harassed the Plaintiff, BARBARA BRENEISEN, in order to discourage her from the future use of medical leave pursuant to the federal Family and Medical Leave Act;

d.    Wilfully took intimidating actions against the Plaintiff, BARBARA BRENEISEN, after her medical leaves taken pursuant to the federal Family and Medical Leave Act; and

e.    Wilfully denied the Plaintiff, BARBARA BRENEISEN,

14

promotion in retaliation for her absences from work
while on medical leave under the Family and Medical
Leave Act.

5.    That the Plaintiff's entitlement to medical leave was
interfered with by the Defendant, MOTOROLA, INC., in violation of
the federal Family and Medical Leave Act (29 U.S.C. 2615).

6.    That as a direct and proximate result of one or more
of the aforesaid acts, the Plaintiff was injured and has lost and
will in the future lose other great economic gains, which she
would have acquired had the Defendant, MOTOROLA, INC., not
violated her rights under the federal Family and Medical Leave
Act.

WHEREFORE, the Plaintiff, BARBARA BRENEISEN, prays judgment
against the Defendant, MOTOROLA, INC., for double damages in an
amount in an excess of Fifty Thousand Dollars ($50,000.00), being
the jurisdictional limits of the Law Division of the Circuit
Court of Lake County, Illinois, plus interest, attorney's fees
and expert fees pursuant to the federal Family and Medical Leave
Act and its implementing Regulations.

## COUNT VI

Now comes the Plaintiff, BARBARA L. BRENEISEN, by and
through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and
complaining of the Defendants, JUNE JOHNSON, individually and not

as an employee of MOTOROLA, INC.; DON SMITH, individually and not
as an employee of MOTOROLA, INC.; ALAN SHAW, individually and not
as an employee of MOTOROLA, INC.; and ROY FAIN, individually and
not as an employee of MOTOROLA, INC., and each of them, states as
follows:

1.    That at all times relevant herein, the Plaintiff,
BARBARA L. BRENEISEN, was and continues to be an employee of the
Defendant, MOTOROLA, INC.

2.    That the Plaintiff, BARBARA L. BRENEISEN, took
intermittent medical leave, pursuant to the federal Family and
Medical Leave Act (29 U.S.C. 2601 et.seq.), from her employment
with MOTOROLA, INC. from May, 2001 through December, 2001, as a
result of serious medical conditions of her husband and herself.

3.    That at all times relevant herein, the Defendants,
JUNE JOHNSON, DON SMITH, ALAN SHAW, and ROY FAIN, and each of
them, were employees of MOTOROLA, INC., and held management
and/or supervisory positions.

4.    That following the Plaintiff's return to work from
medical leaves in 2001, the Defendants, and each of them, in
concert, intentionally inflicted severe emotional distress on the
Plaintiff, BARBARA L. BRENEISEN, by acts of deliberate
retaliation for her use of medical leave, pursuant to the federal
Family and Medical Leave Act, including, but not limited to, the
following extreme and outrageous acts:

16

a.   Intentionally harassed the Plaintiff by giving her an
     excessive workload on a daily basis since May, 2001;

b.   Intentionally harassed the Plaintiff by
     underevaluating the quality of her work on a frequent
     basis since May, 2001;

c.   Intentionally conspired to and did, in fact, place the
     Plaintiff in an employment position where she will be
     denied opportunities for advancement; and

d.   Intentionally conspired to and did, in fact, give the
     Plaintiff poor performance reviews, so as to deny her
     opportunities for advancement at Motorola, Inc.

5.   That the above-described intentional acts were extreme
and outrageous and caused the Plaintiff to suffer severe
emotional distress.

6.   That at all times relevant herein, the Defendants, and
each of them, knew that the above-described intentional acts
would cause the Plaintiff severe emotional distress and proceeded
with the above described intentional acts in a conscious
disregard of the severe impact that said intentional acts would
have on the Plaintiff.

7.   That the above-described intentional acts of the
Defendants, and each of them, were retaliatory, arbitrary, and
continued after the Defendants, and each of them, had knowledge
of the Plaintiff's deteriorated emotional and physical conditions
and did not provide Plaintiff with any expectation of relief

17

regardless of her job performance.

8.    That as a direct and proximate result of one or more of the aforesaid intentional acts, the Plaintiff was injured and has suffered great pains and severe mental anguish and has been required to spend large sums of money for medical care and attention and will lose other great gains which she otherwise would have made and acquired.

WHEREFORE, the Plaintiff, BARBARA L. BRENEISEN, prays judgment against the Defendants, JUNE JOHNSON, DON SMITH, ALAN SHAW, and ROY FAIN, and each of them individually, in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

### COUNT VII

Now comes the Plaintiff, LAURA M. JONES, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.    That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.    That at all times relevant herein, the Plaintiff, LAURA M. JONES, was and continues to be an employee of the

18

Defendant, MOTOROLA, INC.

    3.    That beginning in August, 2001 to the present, the Plaintiff, LAURA M. JONES, has taken intermittent medical leave, due to serious medical conditions.

    4.    That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

        a.    Failed to return the Plaintiff, LAURA M. JONES, to her former employment position or an equivalent employment position following her return to work after her intermittent medical leaves from August, 2001 to the present;

        b.    Failed to return the Plaintiff, LAURA M. JONES to an employment position having the same or equivalent working conditions, privileges and status as her former employment position after her return to work from her m edical leaves from August, 2001 to the present;

        c.    Failed to return the Plaintiff, LAURA M. JONES, to an employment position requiring the same skills, duties, responsibilities, and authority as her former position after her return to work from her medical leaves from August, 2001 to the present;

        d.    Wrongfully demoted the Plaintiff, LAURA M. JONES,

19

because of her medical leaves taken from August 2001 to the present;

e.  Wrongfully harassed the Plaintiff, LAURA M. JONES, because of her absences from work while on medical leave from August, 2001 to the present;

f.  Wrongfully harassed the Plaintiff, LAURA M. JONES, in order to discourage her from the future use of medical leave pursuant to the federal Family and Medical Leave Act;

g.  Wrongfully took intimidating actions against the Plaintiff, LAURA M. JONES, after her medical leaves taken pursuant to the federal Family and Medical Leave Act;

h.  Wrongfully gave the Plaintiff, LAURA M. JONES, poor evaluation reports, in retaliation for her absences while on medical leave;

i.  Wrongfully denied the Plaintiff, LAURA M. JONES, promotion in retaliation for her absences from work while on medical leave under the Family and Medical Leave Act; and

j.  Wrongfully denied the Plaintiff, LAURA M. JONES, tuition reimbursement benefits in retaliation for her absences from work, while on medical leave, under the federal Family and Medical Leave Act.

5.  That the Plaintiff's entitlement to medical leave

was interfered with by the Defendant, MOTOROLA, INC., in violation of the federal Family and Medical Leave Act (29 U.S.C. 2615).

6.    That as a direct and proximate result of one or more of the aforesaid acts, the Plaintiff was injured and has lost and will in the future lose other great economic gains, which she would have acquired had the Defendant, MOTOROLA, INC., not violated her rights under the federal Family and Medical Leave Act.

WHEREFORE, the Plaintiff, LAURA M. JONES, prays judgment against the Defendant, MOTOROLA, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus interest, attorney's fees and expert fees pursuant to the federal Family and Medical Leave Act and its implementing Regulations.

### COUNT VIII

Now comes the Plaintiff, LAURA M. JONES, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.    That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is

21

engaged in the manufacture of communication equipment.

2.    That at all times relevant herein, the Plaintiff,
LAURA M. JONES, was and continues to be an employee of the
Defendant, MOTOROLA, INC.

3.    That beginning in August, 2001 to the present, the
Plaintiff, LAURA M. JONES, has taken intermittent medical leave,
due to serious medical conditions.

4.    That the Defendant, MOTOROLA, INC., violated the
federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.)
and the federal Family and Medical Leave Act Regulations (29
C.F.R. 825.100 et. seq.) in one or more of the following ways:

    a.  Wilfully failed to return the Plaintiff, LAURA M.
JONES, to her former employment position or an
equivalent employment position following her return
to work after her medical leaves from August, 2001 to
the present;

    b.  Wilfully failed to return the Plaintiff, LAURA M.
JONES, to an employment position having the same or
equivalent working conditions, privileges and status
as her former employment position after her return to
work from her medical leaves from August, 2001 to the
present;

    c.  Wilfully failed to return the Plaintiff, LAURA M.
JONES, to an employment position requiring the same

Mar-27-2002 13:44    From-MOTOROLA IPD    847-576-3750    T-473  P.026/041  F-967



skills, duties, responsibilities, and authority as
her former position after her return to work from her
medical leaves from August, 2001 to the present;

d.    Wilfully demoted the Plaintiff, LAURA M. JONES,
because of her medical leaves taken from August, 2001
to the present;

e.    Wilfully harassed the Plaintiff, LAURA M. JONES,
because of her absences from work while on medical
leaves from August, 2001 to the present;

f.    Wilfully harassed the Plaintiff, LAURA M. JONES, in
order to discourage her from the future use of medical
leave pursuant to the federal Family and Medical Leave
Act;

g.    Wilfully took intimidating actions against the
Plaintiff, LAURA M. JONES, after her medical leaves
taken pursuant to the federal Family and Medical Leave
Act;

h.    Wilfully gave the Plaintiff, LAURA M. JONES, poor
evaluation reports in retaliation for her absences
while on medical leave;

i.    Wilfully denied the Plaintiff, LAURA M. JONES,
promotion in retaliation for her absences from work
while on medical leave under the Family and Medical
Leave Act; and

j.    Wilfully denied the Plaintiff, LAURA M. JONES, tuition

23

reimbursement benefits in retaliation for the absences from work while on medical leave under the federal Family and Medical Leave Act.

5.    That the Plaintiff's entitlement to medical leave was interfered with by the Defendant, MOTOROLA, INC., in violation of the federal Family and Medical Leave Act (29 U.S.C. 2615).

6.    That as a direct and proximate result of one or more of the aforesaid acts, the Plaintiff was injured and has lost and will in the future lose other great economic gains, which she would have acquired had the Defendant, MOTOROLA, INC., not violated her rights under the federal Family and Medical Leave Act.

WHEREFORE, the Plaintiff, LAURA M. JONES, prays judgment against the Defendant, MOTOROLA, INC., for double damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus interest, attorney's fees and expert fees pursuant to the federal Family and Medical Leave Act and its implementing Regulations.

### COUNT IX

Now comes the Plaintiff, LAURA M. JONES, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendants, JUNE JOHNSON, individually and not as an employee of MOTOROLA, INC.; DON SMITH, individually and not as an

24

employee of MOTOROLA, INC.; ALAN SHAW, individually and not as an employee of MOTOROLA, INC.; and ROY FAIN, individually and not as an employee of MOTOROLA, INC., and each of them, states as follows:

1.    That at all times relevant herein, the Plaintiff, LAURA M. JONES, was and continues to be an employee of the Defendant, MOTOROLA, INC.

2.    That the Plaintiff, LAURA M. JONES, took intermittent medical leave, pursuant to the federal Family and Medical Leave Act (29 U.S.C. 2601 et.seq.), from her employment with MOTOROLA, INC. from August, 2001 to the present, as a result of serious medical conditions.

3.    That at all times relevant herein, the Defendants, JUNE JOHNSON, DON SMITH, ALAN SHAW, and ROY FAIN, and each of them, were employees of MOTOROLA, INC., and each of them held management and/or supervisory positions.

4.    That following the Plaintiff's return to work from medical leaves, at various times from August, 2001 to the present, the Defendants, and each of them, in concert, intentionally inflicted severe emotional distress on the Plaintiff, LAURA M. JONES, by acts of deliberate retaliation for her use of medical leave, pursuant to the federal Family and Medical Leave Act, including, but not limited to, the following extreme and outrageous acts:

a.    Intentionally conspired to and did, in fact,

25



eliminate the Plaintiff's prior employment position in retaliation for her taking medical leave, in an effort to make an example of her to other employees so that the Plaintiff and other employees will be unwilling to assert their rights under the federal Family and Medical Leave Act in the future;

b.   Intentionally conspired to demote the Plaintiff on the pretext that her former position had been eliminated;

c.   Intentionally harassed the Plaintiff by giving her an excessive workload on a daily basis since August, 2001;

d.   Intentionally harassed the Plaintiff by underevaluating the quality of her work on a frequent basis since August, 2001;

e.   Intentionally conspired to and did, in fact, place the Plaintiff in an employment position where she will be denied opportunities for advancement;

f.   Intentionally conspired to and did, in fact, give the Plaintiff poor performance reviews, so as to deny her opportunities for advancement at Motorola, Inc.; and

g.   Intentionally conspired to and did, in fact, deny the Plaintiff tuition reimbursement benefits.

5.   That the above-described intentional acts were extreme and outrageous and caused the Plaintiff to suffer severe

emotional distress.

6.     That at all times relevant herein, the Defendants, and each of them, knew that the above-described intentional acts would cause the Plaintiff severe emotional distress and proceeded with the above-described intentional acts in a conscious disregard of the severe impact that said intentional acts would have on the Plaintiff.

7.     That at all times relevant herein, the Defendants, and each of them, knew that the Plaintiff was particularly susceptible to emotional stress, and in spite of that knowledge, engaged in the above described pattern of abusive conduct towards the Plaintiff, since she returned to work, following her medical leave.

8.     That the above-described intentional acts of the Defendants, and each of them, were retaliatory, arbitrary, and continued after the Defendants, and each of them, had knowledge of the Plaintiff's deteriorated emotional and physical conditions and did not provide Plaintiff with any expectation of relief regardless of her job performance.

9.     That as a direct and proximate result of one or more of the aforesaid intentional acts, the Plaintiff was injured and has suffered great pains and severe mental anguish and has been required to spend large sums of money for medical care and attention and will lose other great gains which she otherwise would have made and acquired.

27

WHEREFORE, the Plaintiff, LAURA M. JONES prays judgment against the Defendants, JUNE JOHNSON, DON SMITH, ALAN SHAW, and ROY FAIN, and each of them individually, in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

## COUNT X

Now comes the Plaintiff, ANNA M. LINEWEAVER, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.     That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.     That at all times relevant herein, the Plaintiff, ANNA M. LINEWEAVER, was and continues to be an employee of the Defendant, MOTOROLA, INC.

3.     That beginning in March or April, 2001 to December 15, 2001, the Plaintiff, ANNA M. LINEWEAVER, took intermittent medical leave, due to serious medical conditions.

4.     That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29

28

C.F.R. 825.100 et. seq.) in one or more of the following ways:

    a.   Failed to return the Plaintiff, ANNA M. LINEWEAVER,
to her former employment position or an equivalent
employment position following her return to work
after her intermittent medical leaves between March
or April, 2001 and December 15, 2001;

    b.   Failed to return the Plaintiff, ANNA M. LINEWEAVER
to an employment position having the same or
equivalent working conditions, privileges and
status as her former employment position after her
return to work from her medical leaves between
March or April, 2001 and December 15, 2001;

    c.   Failed to return the Plaintiff, ANNA M. LINEWEAVER,
to an employment position requiring the same
skills, duties, responsibilities, and authority as
her former position after her return to work from
her medical leaves between March or April, 2001 and
December 15, 2001;

    d.   Wrongfully demoted the Plaintiff, ANNA M.
LINEWEAVER, because of her medical leaves taken
between March or April, 2001 and December 15, 2001;

    e.   Wrongfully harassed the Plaintiff, ANNA M.
LINEWEAVER, because of her absences from work while
on medical leaves between March or April, 2001 and

December 15, 2001;

  f.  Wrongfully harassed the Plaintiff, ANNA M. LINEWEAVER, in order to discourage her from the future use of medical leave pursuant to the federal Family and Medical Leave Act;

  g.  Wrongfully took intimidating actions against the Plaintiff, ANNA M. LINEWEAVER, after her medical leaves taken pursuant to the federal Family and Medical Leave Act;

  h.  Wrongfully gave the Plaintiff, ANNA M. LINEWEAVER, poor evaluation reports, in retaliation for her absences while on medical leave;

  i.  Wrongfully denied the Plaintiff, ANNA M. LINEWEAVER, promotion in retaliation for her absences from work while on medical leave under the Family and Medical Leave Act; and,

  j.  Wrongfully denied the Plaintiff, ANNA M. LINEWEAVER, tuition reimbursement benefits in retaliation for her absences from work, while on medical leave, under the federal Family

  5.  That the Plaintiff's entitlement to medical leave was interfered with by the Defendant, MOTOROLA, INC., in violation of the federal Family and Medical Leave Act (29 U.S.C. 2615).

  6.  That as a direct and proximate result of one or more

of the aforesaid acts, the Plaintiff was injured and has lost and will in the future lose other great economic gains, which she would have acquired had the Defendant, MOTOROLA, INC., not violated her rights under the federal Family and Medical Leave Act.

WHEREFORE, the Plaintiff, ANNA M. LINEWEAVER, prays judgment against the Defendant, MOTOROLA, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus interest, attorney's fees and expert fees pursuant to the federal Family and Medical Leave Act and its implementing Regulations.

### COUNT XI

Now comes the Plaintiff, ANNA M. LINEWEAVER, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendant, MOTOROLA, INC., a corporation, states as follows:

1.    That at all times relevant herein, the Defendant, MOTOROLA, INC., a corporation, was and continues to be a corporation doing business in the State of Illinois and is engaged in the manufacture of communication equipment.

2.    That at all times relevant herein, the Plaintiff, ANNA M. LINEWEAVER, was and continues to be an employee of the Defendant, MOTOROLA, INC.

3.   That beginning in April or May, 2001, and December 15, 2001 the Plaintiff, ANNA M. LINEWEAVER, has taken intermittent medical leave, due to serious medical conditions.

4.   That the Defendant, MOTOROLA, INC., violated the federal Family and Medical Leave Act (29 U.S.C. 2601 et. seq.) and the federal Family and Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

a.   Wilfully failed to return the Plaintiff, ANNA M. LINEWEAVER, to her former employment position or an equivalent employment position following her return to work after her medical leaves between April or May, 2001 and December 15, 2001;

b.   Wilfully failed to return the Plaintiff, ANNA M. LINEWEAVER, to an employment position having the same or equivalent working conditions, privileges and status as her former employment position after her return to work from her medical leaves between April or May, 2001 and December 15, 2001;

c.   Wilfully failed to return the Plaintiff, ANNA M. LINEWEAVER, to an employment position requiring the same skills, duties, responsibilities, and authority as her former position after her return to work from her medical leaves between March or April, 2001 and December 15, 2001;

32

d.   Wilfully demoted the Plaintiff, ANNA M. LINEWEAVER, because of her medical leaves taken between March or April, 2001 and December 15, 2001;

e.   Wilfully harassed the Plaintiff, ANNA M. LINEWEAVER, because of her absences from work while on medical leaves between March or April, 2001 and December 15, 2001;

f.   Wilfully harassed the Plaintiff, ANNA M. LINEWEAVER, in order to discourage her from the future use of medical leave pursuant to the federal Family and Medical Leave Act;

g.   Wilfully took intimidating actions against the Plaintiff, ANNA M. LINEWEAVER, after her medical leaves taken pursuant to the federal Family and Medical Leave Act;

h.   Wilfully gave the Plaintiff, ANNA M. LINEWEAVER, poor evaluation reports in retaliation for her absences while on medical leave;

i.   Wilfully denied the Plaintiff, ANNA M. LINEWEAVER, promotion in retaliation for her absences from work while on medical leave under the Family and Medical Leave Act; and,

j.   Wilfully denied the Plaintiff, ANNA M. LINEWEAVER, tuition reimbursement benefits in retaliation for her absences from work while on medical leave under

33

the federal Family and Medical Leave Act.

5.    That the Plaintiff's entitlement to medical leave was interfered with by the Defendant, MOTOROLA, INC., in violation of the federal Family and Medical Leave Act (29 U.S.C. 2615).

6.    That as a direct and proximate result of one or more of the aforesaid acts, the Plaintiff was injured and has lost and will in the future lose other great economic gains, which she would have acquired had the Defendant, MOTOROLA, INC., not violated her rights under the federal Family and Medical Leave Act.

WHEREFORE, the Plaintiff, ANNA M. LINEWEAVER, prays judgment against the Defendant, MOTOROLA, INC., for double damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus interest, attorney's fees and expert fees pursuant to the federal Family and Medical Leave Act and its implementing Regulations.

### COUNT XII

Now comes the Plaintiff, ANNA M. LINEWEAVER, by and through her attorneys, PETER T. SHOVLAIN AND ASSOCIATES, and complaining of the Defendants, JUNE JOHNSON, individually and not as an employee of MOTOROLA, INC.; ALAN SHAW, individually and not as an employee of MOTOROLA, INC.; and ROY FAIN, individually and not as an employee of MOTOROLA, INC., and each of them, states as

34

follows:

1.      That at all times relevant herein, the Plaintiff,
ANNA M. LINEWEAVER, was and continues to be an employee of the
Defendant, MOTOROLA, INC.

2.      That the Plaintiff, ANNA M. LINEWEAVER, took
intermittent medical leave, pursuant to the federal Family and
Medical Leave Act (29 U.S.C. 2601 et.seq.), from her employment
with MOTOROLA, INC. between March or April, 2001 and December 15,
2001, as a result of serious medical conditions.

3.      That at all times relevant herein, the Defendants,
JUNE JOHNSON, ALAN SHAW, and ROY FAIN, and each of them, were
employees of MOTOROLA, INC., and each of them held management
and/or supervisory positions.

4.      That following the Plaintiff's return to work from
medical leaves, between March or April, 2001 and December 15,
2001, the Defendants, and each of them, in concert, intentionally
inflicted severe emotional distress on the Plaintiff, ANNA M.
LINEWEAVER, by acts of deliberate retaliation for her use of
medical leave, pursuant to the federal Family and medical Leave
Act, including, but not limited to, the following extreme and
outrageous acts:

a.    Intentionally conspired to and did, in fact eliminate
      the Plaintiff's prior employment position in
      retaliation for her taking medical leave, in an
      effort to make an example of her to other employees

35

so that the Plaintiff and other employees will
be unwilling to assert their rights under the federal
Family and Medical Leave Act in the future;

b.    Intentionally conspired to demote the Plaintiff on
the pretext that her former position had been
eliminated;

c.    Intentionally harassed the Plaintiff by threatening
to fire her on an almost daily basis between March or
April, 2001 and December 15, 2001;

d.    Intentionally harassed the Plaintiff by giving her an
excessive workload on a daily basis between March or
April, 2001 and December 15, 2001;

e.    Intentionally harassed the Plaintiff by
underevaluating the quality of her work on a frequent
basis between March or April, 2001 and December 15,
2001;

f.    Intentionally conspired to and did, in fact, place
the Plaintiff in an employment position where she
will be denied opportunities for advancement;

g.    Intentionally conspired to and did, in fact, give the
Plaintiff poor performance reviews, so as to deny her
opportunities for advancement at Motorola, Inc.; and

h.    Intentionally conspired to and did, in fact, deny the
Plaintiff tuition reimbursement benefits.

5.    That the above-described intentional acts were

36

extreme and outrageous and caused the Plaintiff to suffer severe emotional distress.

6. That at all times relevant herein, the Defendants, and each of them, knew that the above-described intentional acts would cause the Plaintiff severe emotional distress and proceeded with the above-described intentional acts in a conscious disregard of the severe impact that said intentional acts would have on the Plaintiff.

7. That at all times relevant herein, the Defendants, and each of them, knew that the Plaintiff was particularly susceptible to emotional stress, and in spite of that knowledge, engaged in the above-described pattern of abusive conduct towards the Plaintiff, since she returned to work, following her medical leave.

8. That the above-described intentional acts of the Defendants, and each of them, were retaliatory, arbitrary, and continued after the Defendants, and each of them, had knowledge of the Plaintiff's deteriorated emotional and physical conditions and did not provide Plaintiff with any expectation of relief regardless of her job performance.

9. That as a direct and proximate result of one or more of the aforesaid intentional acts, the Plaintiff was injured and has suffered great pain and severe mental anguish and has been required to spend large sums of money for medical care and attention and will lose other great gains which she otherwise

Mar-27-2002 13:45    From-MOTOROLA                    847-576-3750        T-473  P.041/041  F-987

would have made and acquired.

WHEREFORE, the Plaintiff, ANNA M. LINEWEAVER, prays judgment against the Defendants, JUNE JOHNSON, ALAN SHAW, and ROY FAIN, and each of them individually, in an amount in excess of Fifty Thousand Dollars ($50,000.00), being the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

Peter T. Shovlain, attorney
for Plaintiffs

PETER T. SHOVLAIN AND ASSOCIATES
210 N. Martin Luther King, Jr. Avenue
Waukegan, IL   60079-0099
(847)249-5333
ARDC#02593106

38

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing

Notice of Removal was served upon:

Peter T. Shovlain & Associates
210 N. Martin Luther King, Jr. Avenue
Waukegan, Illinois 60079-0099

by having the same sent via Federal Express overnight mail this 18th day of April, 2002.

Theresa R. Shea

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing

Notice To State Court Of Case's Removal To Federal Court was served upon:

Judges of the Circuit Court
Nineteenth Judicial Circuit
Lake County, Illinois

Peter T. Shovlain & Associates
210 N. Martin Luther King, Jr. Avenue
Waukegan, Illinois 60079-0099

by having the same sent via Federal Express overnight mail this 18th day of April, 2002.

_Theresa R. Shea_
Theresa R. Shea