Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50509 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Breneisen, Jr., et al. vs. Motorola, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to strike and motion to disqualify

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' motion to strike and motion to disqualify are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| X | Notices mailed by judge's staff. | **MAR 28 2003** date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | 03 MAR 26 PM 3:18 | 3-28-03 date mailed notice |
| /LC | courtroom deputy's initials | FILED-WD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, who are six current or former employees of defendant, Motorola, Inc., have sued Motorola and other individual employees of Motorola in a twenty-count amended complaint for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and intentional infliction of emotional distress under state law. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1367, 1391. Before the court are plaintiffs' motions to strike defendants' affirmative defenses, filed pursuant to Federal Rule of Civil Procedure 12(f), and to disqualify defense counsel.

Taking up the motion to strike first, the court finds defendants have adequately pled their affirmative defenses for purposes of notice pleading under Rule 8. Defendants naturally will have to develop facts to support their affirmative defenses but it would be premature to strike them at this time; they are sufficient as a matter of law. Plaintiffs also argue affirmative defenses 2 and 4 should be stricken under the law of the case doctrine. This case was originally removed from an Illinois state court to the Northern District of Illinois, Eastern Division, where it was assigned to Judge Holderman. Before Judge Holderman transferred the case here, he granted in part and denied in part a similar motion to strike that plaintiffs filed when the case was still in the Eastern Division. The part he granted was as to affirmative defenses 2 and 4. As his order makes clear, however, the reason he granted the motion as to those two affirmative defenses was because defendants voluntarily withdrew them. Plaintiffs have since filed an amended complaint with additional allegations that prompted defendants to reassert these two affirmative defenses. For these reasons, the court finds it is not bound by Judge Holderman's decision on plaintiffs' previous motion to strike.

As for the motion to disqualify, the court again finds plaintiffs have jumped the gun. They essentially argue that a potential conflict of interest could arise because defense counsel represents both Motorola and its individual employee-defendants. Plaintiffs believe this presents a potential conflict because Motorola and the individual defendants have antagonistic defenses over whether the individual defendants were acting within the scope of their employment. In response, defense counsel represents that each defendant has signed a "Letter of Joint Representation" that explains the potential conflicts of interest that may arise from a joint representation. Defense counsel has offered to provide these to the court for an *in camera* inspection, but the court finds this unnecessary at this time. Representations made by defense counsel in defendants' response brief are subject to Rule 11, so the court trusts such waivers have in fact been obtained. In any event, the court sees no reason to disqualify defense counsel at this early stage in the litigation as there is presently no actual conflict of interest. If an actual conflict of interest arises in the future, the court can take up the matter again at that time.

For the reasons stated above, plaintiffs' motions to strike and to disqualify are denied.