Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50509 | **DATE** | 7/3/2003 |
| **CASE TITLE** | Breneisen, et al vs. Motorola, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Defendants' Motion for a Protective Order is granted in part and denied in part. Defendants are ordered to produce the documents bate stamped 0001-0003, 0029-0032 and 0034 within 7 days of this Order. The remaining bate stamped documents are privileged.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL - 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL -3 PM 3:56 | 7/3/2003 | |
| | | FILED-WD | date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

JAMES P. BRENEISEN, JR.,  )
BARBARA L. BRENEISEN, LAURA M.  )
JONES, ANNA M. LINEWEAVER,  )
JENNIFER HORTON, and AMY L. BOONOS  )
a/k/a AMY L. CLARK,  )
  )
      Plaintiffs,  )    Case No. 02 C 50509
  )
      v.  )    Philip G. Reinhard
  )    P. Michael Mahoney
MOTOROLA, INC., a corporation, ,  )
JUNE JOHNSON, individually and not as  )
an employee of MOTOROLA, INC.,  )
DARLENE PATTERSON, individually and  )
not as an employee of MOTOROLA, INC.,  )
DON SMITH, individually and not as an  )
employee of MOTOROLA, INC.,  )
ALAN SHAW, individually and not as an  )
employee of MOTOROLA, INC.,  )
FRANK GALINDO, individually and not as an  )
employee of MOTOROLA, INC., ROY FAIN,  )
individually and not as an employee of  )
MOTOROLA, INC., and MARK LARSON,  )
individually and not as an employee of  )
MOTOROLA, INC.  )
  )
      Defendants.  )

### Memorandum Opinion and Order

This Court must address a discovery dispute between James P. Breneisen (the "named Plaintiff") and other current and former employees of Motorola Inc. (collectively "Plaintiffs") and Motorola Inc. and seven individuals and supervisors of Motorola Inc. (collectively "Defendants" or "Motorola"). The current dispute before this Court is Plaintiffs' attempt to possess memoranda and emails written by the individual Defendants. In response to Plaintiffs' attempt, on December 2, 2002, while this case was still in the Eastern Division, Defendants filed a Motion for Protective

Order ("Defendants' Motion for Protective Order"). Plaintiffs filed their response on December 30, 2002. On January 21, 2003, after this case had been transferred to the Western Division, Defendants filed their reply. This Court held an in court hearing on April 15, 2003. The specifics of that hearing are not relevant for the instant motion. However, what is relevant is that during that in court hearing, this Court ordered Defendants to produce the documents listed on its privilege log for an *in camera* inspection. For the following reasons, Defendant's Motion for a Protective Order is granted in part and denied in part.

## **Background**

This case involves claims brought under the Family Medical Leave Act, 29 U.S.C. §2601 ("FMLA"), as well as common law claims for intentional infliction of emotional distress ("IIED"). Plaintiffs in this case are current and former employees of Motorola's Rockford facility who allegedly exercised their rights under the FMLA. Plaintiffs' Amended Complaint contains twenty counts against Defendants. Plaintiffs are alleging they were the victims of harassment and intimidation by Defendants in order to prevent additional employees from exercising their rights under FMLA.

Vital to Plaintiffs' case are five emails that are in the possession of the named Plaintiff. Allegedly, these emails were sent between August 31, 2001 and January 7, 2002 by Defendants June Johnson and Darlene Patterson to each other and to Defendant Alan Shaw. The validity of the emails is the crux of this litigation due to the damaging nature of their content. The named Plaintiff alleges he received these emails from Motorola information technology employee Jamie Campbell, although Ms. Campbell denies ever having the e mails or giving them to the named Plaintiff.

At issue are various communications, both memorandum and email form, between

2

Defendants after the termination of the named Plaintiff. Defendants, in order to prevent disclosure of these communications, filed a Motion for Protective Order.

Defendants maintain that Plaintiffs seek discovery of documents created by the individual Defendants who are agents of Motorola, particularly those containing summaries of factual events and investigations relating to the claims in the instant case. The memoranda at issue are identified as "February 6, 2002, regarding J. Breneisen" and "April 8, 2002, regarding L. Jones," and updated versions of the February 6, 2002 memorandum.[1] Defendants oppose the discovery of these items, based on the assertion that the information is protected by the attorney-client privilege and the work-product doctrine.

Defendants first argue that the factual summaries and chronological statements of events are protected by the attorney-client privilege. Specifically, Defendants argue that factual summaries and chronological statements were prepared by individual Defendants and the Human Resource Manager at the direction of counsel and in anticipation of and in response to the instant litigation. In terms of the February 6, 2002 memorandum and email relating to James Breneisen, Defendants argue that the named Plaintiff informed Motorola's Human Resources Manager, Bobbi Cooper, that he was going to sue Motorola based upon his alleged treatment. Ms. Cooper, at the direction of Motorola's law department, prepared a factual summary of events relating to, and in response to the named Plaintiff's threat of litigation.

---

[1] It should be noted that Defendants' Motion for a Protective Order only sought the protection of certain documents that Plaintiffs had previously requested and not all the documents listed on Defendants' privilege log. However, Plaintiffs, in response to Defendants' Motion for a Protective Order, made it clear in their brief that they sought every document on the privilege log. Defendants, in reply, then articulated a privilege argument for every document listed on their privilege log.

3

In terms of the April 1, 2, 3, 8, 22 and May 10, 2002 documents and emails relating to the Plaintiffs, Defendants argue that the individual Defendants were served with the complaint for the instant case between March 22 and April 1, 2002. These individuals contacted Ms. Cooper who in turn contacted Motorola's law department. The law department, Defendant asserts, directed Ms. Cooper to assist the individuals in assembling information for outside counsel for litigation. Ms. Cooper, in turn, according to Defendants, communicated to the individual Defendants and assisted them in updating the memoranda relating to the named Plaintiff.

Plaintiffs argue that, in terms of the February 6, 2002 memorandum and email regarding James Breneisen, the claim that the memorandum was created at the direction of Motorola's legal department is supported only by Ms. Cooper's unverified declaration. Additionally, documents reflecting any subsequent fact investigation of the Law and Human Resources Departments of Motorola are not privileged because they reflect statements that would have been made absent the privilege. The attorney-client privilege, according to Plaintiffs, protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege. Therefore, because Motorola policy requires its Human Resources Department to investigate employee complaints, Plaintiffs maintain that the documentation in question is merely documentation produced in the normal course of business and not in furtherance of litigation.

Defendants next argue, as discussed above, that the memoranda created by Ms. Cooper and the individual Defendants were created in response to a specific threat of litigation by the named Plaintiff. Therefore, pursuant to Federal Rules of Civil Procedure 26(b)(3), Defendants maintain that these documents should be privileged under the work-product doctrine.

Plaintiffs argue the February 6, 2003 memorandum and documents reflecting the subsequent

4

fact investigation of Plaintiffs' claim were created in the ordinary course of business and are not work product. Specifically, Plaintiffs argue that not every document created or produced by a company can be categorized as work product simply because the company's internal investigation is co-existent with a present or anticipated lawsuit that is the same subject matter of the litigation. *See Caremark v. Affiliated Computer Services, Inc.*, 195 F.R.D 610, 614-15 (N.D. Ill. 2000).

Lastly, Plaintiffs argue that even if the memoranda and emails in question are protected by work-product privilege, Plaintiffs are nevertheless entitled to the documents because they have demonstrated a substantial need for the information. Specifically, Plaintiffs maintain that because of the nature of the information, Plaintiffs cannot and will not be able to obtain the documents from any other source, and as such, Plaintiff can demonstrate both a substantial need for the materials and that Plaintiffs would suffer undue hardship in procuring the requested information some other way.

## Discussion

Rule 26(c) states "for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1)that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). The district court has discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 36, 104 (1984). Rule 26(c) states only good cause is required in determining whether or not to issue a protective order. *Id.* at 37. In deciding whether good cause exists, the district court must balance the interests of the parties taking into account, the harm to the party seeking the protective order, and the importance of the disclosure to the non-moving party. *Wiggins v. Burge*, 173 F.R.D 226, 229 (N.D. Ill. 1997).

A. Attorney-Client Privilege

The Seventh Circuit applies the general principles of attorney-client privilege as outlined by Wigmore:

> (1) Where legal advice of any kind is sought, (2) from a professional legal adviser in a capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at the client's instance permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection is waived.

*United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (citing 8 Wigmore §2292). Because Defendants are the party seeking to establish the privilege, Defendants bear the burden of demonstrating that all of the requirements for invoking the attorney-client privilege are met. *White*, 950 F.2d at 430. The inquiry into whether documents are subject to the privilege "'must be made and sustained on a question-by-question or document-by-document basis;' it cannot be a blanket claim." *Int'l Profit Assoc.*, 206 F.R.D. at 218 (citing *White*, 950 F.2d at 430).

The attorney-client privilege extends to corporate in-house counsel. *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed. 2d 284 (1981)(stating corporate employees' communications to counsel for corporation in order to secure legal advice for corporation are privileged). However, communications made by and to a corporate in-house counsel with respect to business matters, management decisions, or business advice are not protected by the privilege. 6 *Moore's Federal Practice*, §26.49 (Matthew Bender 3d ed. 2002). To be entitled to the privilege, a corporate lawyer must not only be functioning as a lawyer, but the advice given must be predominately legal, as opposed to business, in nature. *Id.* In deciding whether the privilege exists, this Court must examine whether the lawyer was acting as a lawyer rather than a business advisor or management decision maker. Generally, there is a presumption that a lawyer in the legal

6

department of the corporation is giving legal advice, and an opposite presumption for a lawyer who works on the business or management side. However, the lawyer's position in the corporation is not necessarily dispositive. *See e.g., Boca Investerings Partnership v. United States*, 31 F. Supp. 2d 9, 12 (D.D.C. 1998)(finding documents prepared by a corporate attorney who worked on business side of office were nevertheless entitled to protection because advice was predominately legal as opposed to business).

As stated above, Defendants first argue that the investigative factual summaries and chronological statements of events are protected by the attorney-client privilege. This is so, Defendants argue, because the investigative factual summaries and chronological statements were prepared by the individual defendants and Motorola's Human Resource Manager at the direction of counsel and in anticipation of and in response to filed litigation. This Court agrees that some of the communications are covered by attorney-client privilege, but not all.

As stated above, to establish an attorney-client privilege, there needs to be a communication with an attorney where legal advice is sought. After reviewing the documents submitted for an *in camera* inspection, this Court finds that only PR 0009 and 0023 falls under the attorney-client privilege. These documents contain communications from attorneys in Defendant's corporate law department which contain advice regarding the impending litigation. As such, these documents are privileged. *See Lexecon, Inc. v Milberg Weiss Bershad Spechthrie & Lerach*, 1993 WL 179789, *7 (N.D. Ill. May 24, 1993)("Attorney-client privilege claims would protect only documents, from client to lawyer or from lawyer to lawyer or from lawyer to client, whose production would reveal the content of privileged communications from clients made for the purpose of securing legal advice or services.")

B. Work-Product Doctrine

The work-product doctrine, codified as Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects otherwise discoverable documents and tangibles. Rule 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3). The test to determine whether materials were prepared in anticipation of litigation is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983). To qualify under the privilege, the material sought must come into existence because of the prospect of litigation or because some articulable claim is likely to lead to litigation. *Id.* at 1120. Important to note for this case, the work-product privilege extends beyond the attorney to documents prepared by a party's representative or agent. *Ventre v. Datronic Rental Corp.*, No. 92 C 3289, 1993 WL 5243777, at * 3 (N.D. Ill. Dec. 13, 1993). The work-product privilege can be rebutted, however, "if the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996).

In support of their position, Defendants have produced a declaration of Bobbi Cooper. Ms. Cooper's declaration is supported by the documents submitted for an *in camera* inspection to this Court. According to Ms. Cooper's declaration, on February 5, 2002, the named Plaintiff informed Ms. Cooper that he was going to sue Motorola based on his alleged treatment as an employee. After meeting with members of her team, Ms. Cooper stated that she felt it necessary to seek the advice of Motorola's law department. For the purpose of seeking legal advice, Ms. Cooper and Ms. Patterson prepared a memorandum concerning the named Plaintiff to be given to Motorola's internal law department on February 6, 2002. (Decl. of Bobbi Cooper at ¶2). This document is PR 0063-0065. Two of the recipients of this document (email) were Kay Hoogland and Margaret Hockenberry, members of Motorola's internal law department. Additionally, Ms. Cooper stated that since the named Plaintiff's statement to her regarding his suing Defendant, Motorola's internal and outside attorneys have directed her to assist them by coordinating with the individual Defendants and coordinating some of the fact gathering efforts. (Decl. of Bobbi Cooper at ¶4). This statement is supported by the material submitted to this Court for an in camera inspection.

For example, PR 0011-0021, 0035-0039, 0047-0062 are chronological histories submitted to Ms. Cooper by the individual Defendants on or about April 1, 2002. These documents clearly are work product as they were gathered only in anticipation of litigation and for the purposes of assisting internal and outside attorneys in this case. Additionally, documents 0004-0008, 0010, 0022, 0024-0028, and 0033 were created in anticipation of litigation and for the purposes of assisting the attorney's in the instant action. While most of these documents are merely communications regarding deposition dates and schedules, they fit under the work-product privilege.

However, documents stamped 0001-0003, 0029-0032 and 0034 do not fit under the work-product privilege. Rather, these documents appear to be communications regarding the normal course of business activities and not prepared in anticipation of litigation. Therefore, 0001-0003, 0029-0032 and 0034 are discoverable. Defendants are ordered to produce those documents to Plaintiffs within 7 days of this Order.

Plaintiffs may still discover the documents deemed work product above, however, if they demonstrate a "substantial need" for the documents and that they would suffer "undue hardship" if they were required to obtain the information in another manner. *Caremark*, 195 F.R.D. at 614. This burden is difficult to meet and is satisfied only in "rare situations, such as those involving witness availability." *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 2000 WL 1898518, at *3 (N.D. Ill. Dec. 20, 2000). Plaintiffs have failed to meet this burden. Plaintiffs can obtain the information contained in the factual chronologies and/or investigative reports by submitting interrogatories and/or deposing the author of the chronology or report.

## Conclusion

For the above stated reasons, Defendants' Motion for a Protective Order is granted in part and denied in part. Defendants are ordered to produce the documents bate stamped 0001-0003, 0029-0032 and 0034 within 7 days of this Order. The remaining bate stamped documents are privileged.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/3/03