IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES BRENEISEN, JR. et al.,<br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC. et al.,<br><br>Defendant. | Case No. 02 C 50509<br><br>Magistrate Judge<br>P. Michael Mahoney |

**MEMORANDUM OPINION AND ORDER**

On June 22, 2009, this court issued a memorandum opinion and order granting in part Motorola's motion in limine regarding medical evidence related to damages ("June 22 Opinion"). In the June 22 Opinion, this court acknowledged that James has three remaining potential claims under the Family Medical Leave Act ("FMLA") after the Seventh Circuit's opinion, *Breneisen et al. v. Motorola, Inc. et al.*, 512 F.3d 972 (7th Cir. 2008). James's first potential claim is that Motorola failed to reinstate James to the position of Process Analyst or an equivalent position when he returned to work on April 9, 2001. The second is that Motorola discriminated and retaliated against James by transferring him to the keypad line when he returned to work on April 9, 2001. The third is that Motorola retaliated against James by way of Patterson's alleged harassment while he worked in the Contracts Department from late September until he left on medical leave on February 5, 2002. The court limited the damages available to James to periods when James could perform the functions of his previous position or

1

one comparable, or where there still existed a balance on his FMLA-leave allotment.

To determine the availability of a front pay award, the court used a three step analysis: "(1) Does the plaintiff qualify for reinstatement under the facts and circumstances of the case; (2) If the plaintiff qualifies for reinstatement, is reinstatement infeasible; and (3) If reinstatement is infeasible, is front pay the appropriate substitution?" (June 22 Opinion 15.) The court found that James will not qualify for reinstatement if he cannot physically perform his previous position's duties or the duties of a position comparable. The court held that if a plaintiff is not qualified for reinstatement, he may not be awarded front pay.

Additionally, the court limited an award of back pay to certain periods of time prior to February 5, 2002.[1] The date chosen by the court, February 5, 2002, comes from the brief filed by Plaintiff. James's response brief stated the following:

> James's medical evidence will establish that he has been physically unable to return to work at his former process analyst position or an equivalent position since February 5, 2002, which evidence is relevant to the amount and the duration of his claim for back pay, lost employment benefits, and front pay. . . . James'[s] treating physicians will testify that James'[s] medical conditions, which prevent him from returning to his former position or an equivalent position, are permanent or chronic in nature. Thus, James's medical evidence is relevant both to his right to recover front pay and the duration of any award for front pay.

(Pl. Resp. 13.) The page of James's response brief from which this quotation is taken is attached to this opinion as Exhibit A.

James filed a motion to reconsider the June 22 Opinion. James's motion and

---

[1] When the court calculated in the June 22 Opinion the time frames for which damages of back pay could be awarded to James, the court believed James to have exhausted his FMLA leave as of April 9, 2001. (June 22 Opinion 2–3, 14.) According to James's supplemental memorandum, James actually had about seven hours of FMLA leave remaining when he took medical leave on April 20, 2001. (Pl.'s Memo. 4.) Assuming this is true, medical evidence related to proving back pay damages for those seven hours may be relevant.

supplemental memorandum span over 30 pages and raise a number of arguments. Two deserve comment. James first argues that a plaintiff who alleges either discrimination or retaliation in violation of the FMLA can recover front pay and back pay even if the plaintiff cannot perform the duties of his prior position or one comparable. This is particularly true, according to James, if the plaintiff's physical condition was caused or aggravated by the defendant's discriminatory or retaliatory conduct. Second, James argues that he is capable of performing the duties of a comparable position.

James's first argument is not persuasive. Awarding a plaintiff money damages for time that he could not physically perform the functions of his past or comparable employment transforms the FMLA from a remedial statute to a compensatory one. As the statute now reads, such a transformation appears to be contrary to the intent of Congress. Therefore, the court affirms its prior holding, and further reiterates the following: the court bars as irrelevant any medical evidence for which admittance in this case would be sought solely to prove that Defendants' alleged discriminatory or retaliatory conduct caused or exacerbated James's medical condition.

James's second argument is a convenient flip-flop from the position he previously asserted. When James believed that having a permanent disability preventing him from work would gain him an award of front pay stretching to the age of retirement, he represented to the court that Defendants' actions caused him to be permanently disabled. James's counsel now represents to the court that issues of fact exist as to whether James can perform the duties of his past or comparable employment. The court will allow evidence on this issue.

To clarify, the court holds the following: back and front pay awards are not available

under the FMLA in this case for any time period during which James was unable to perform the functions of his previous job, or one comparable, if he had exhausted his FMLA leave. Medical evidence relevant to whether James's medical condition was caused by or exacerbated by Defendants' conduct is irrelevant and barred.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: October 27, 2009