IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| JAMES P. BRENEISEN, JR., | ) | |
| ANNA M. LINEWEAVER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 02 CV 50509 |
| | ) | Magistrate JudgeMahoney |
| MOTOROLA, INC., a corporation, | ) | |
| Defendant. | ) | |

## PLAINTIFF SWEENEY'S MOTION TO CONVERT DEFENDANT'S SETTLEMENT TENDER INTO A JUDGMENT

NOW COMES the Plaintiff, Anna Lineweaver Sweeney ("Sweeney"), by and through her attorneys, and petitions the Court to convert the settlement tender made by the Defendant, Motorola, Inc. ("Motorola"), into a judgment and to grant Sweeney leave to file her petition for attorney's fees and costs pursuant to § 2617(a)(3) of the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2617(a)(3). In support of her Petition, Sweeney respectfully submits as follows:

1. After over 7 years of litigation, Motorola has finally tendered to Sweeney's counsel a check made payable to Sweeney in the total amount of $3,840.00 – the total amount to which Sweeney would be entitled to receive as tuition reimbursement ($1,920.00) if she were to prevail on her FMLA claims, multiplied by two to cover any potential award of liquidated damages. (Dkt. No. 219 at 3.) A copy of this letter is attached hereto as "Exhibit A."

2. Sweeney agrees that the amount of $3,840.00 is the full amount that she could recover, if she prevailed on her FMLA tuition reimbursement claim.

3. The fee-shifting provision of the FMLA provides that "The court in such an action *shall, in addition to any judgment awarded* to the plaintiff, allow a reasonable

attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." (emphasis added.) 29 U.S.C. 2617(a)(3).

4. The clear language of the FMLA's fee-shifting provision does not require either the requirement of a "prevailing party" in order for a plaintiff to recover attorney's fees. Nor does the language of the FMLA's fee-shifting provision grant courts discretion in awarding attorney's fees, unlike most other statutory fee-shifting provisions which grant courts discretion in the awarding of attorney's fee. *Id*; *Franzen v. Ellis Corporation*, 543 F.3d 420, 430 (7th Cir. 2008) (FMLA). To the contrary, § 2617(a)(3) of the FMLA mandates the awarding of attorney's fees and costs to be paid by the defendant when a judgment is obtained. *Id*; *Franzen*, 543 F.3d at 430.

5. In *Franzen*, the Seventh Circuit recently held that § 2617(a)(3) of the FMLA mandates, *without discretion*, an award of reasonable attorney's fees to the plaintiff when a "judgment" is obtained. *Id. Franzen* further distinguishes the FMLA's fee-shifting provision from other statutory attorney fee-shifting provisions which grant courts discretion in the awarding of attorney's fees, because § 2617(a)(3) of the FMLA mandates, without discretion, an award of reasonable attorney's fees when a judgment is obtained. *Id.* (citing *Sherry v. Protection, Inc.*, 14 F.Supp.2d 1055, 1057 (N.D. Ill. 1998) (FMLA) (the FMLA's attorney's fees provision mandates that fees "shall" be awarded in addition to any judgment awarded to the plaintiff); *Rice v. Sunrise Express, Inc.*, 237 F.Supp.2d 962, 969 (N.D. Ind. 2002).[1] In addition, the *Franzen* Court held that the FMLA's fee-shifting provision is more favorable to the awarding fees than many other statutory fee-shifting provisions. *Id.*

---

[1] See also, *McDonnell v. Miller Oil Co.*, 968 F.Supp. 288, 282-93 (E.D. Va. 1997) ("the FMLA's attorney's fee provision makes mandatory rather than discretionary the awarding of reasonable attorney's fees").

2

6.  Thus, it is clear that for Sweeney to recover attorney's fees and costs under the FMLA that the Court must enter a "judgment" on her behalf in this matter. *Id*: 29 U.S.C. § 2617(a)(3).

7.  In its Motion to Dismiss, Motorola asserts that its settlement tender to Sweeney makes her FMLA claim moot and that this Court no longer has jurisdiction over Sweeney's FMLA claim. (Dkt. No. 219 at 2-3.) Motorola's assertion in this regard is incorrect. In support of this assertion, Motorola cites the cases of *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), *Gates v. Towery*, 456 F.Supp.2d 953, 960 (N.D. Ill. 2006) and *Brighton v. Nextel*, 2002 WL 31870147, *1 (N.D. Ill. Dec. 17, 2002). Amazingly, the very language quoted by Motorola from the *Holstein, Gates* and *Brighton* cases belies Motorola's assertion that Sweeney' FMLA claim is now moot. (Dkt. 219 at 4.) First, the *Holstein* and *Towery* cases clearly state that a litigant's personal interest in her litigation is not satisfied by a defendant until the defendant has offered to satisfy the plaintiff's "entire demand." *Holstein*, 29 F.2d at 1147 ("Once the defendant offers to satisfy the plaintiff's *entire demand*, there is no dispute over which to litigate") (emphasis added.); *Gates*, 456 F.Supp.2d at 960 ("A case becomes moot when a litigant's personal interest in the outcome of the suit expires . . . [a] plaintiff's personal interest ends when the defendant offers to satisfy the plaintiff's *entire demand*.") (emphasis added.) Second, the *Brighton case, quoted by Motorola*, states that "[O]nce the defendant has offered to make the plaintiff *whole*, the lawsuit may not proceed.) (emphasis added.) *Brighton*, 2002 WL 31870147, *1 In this matter, Motorola has offered only to satisfy Sweeney's FMLA claim for tuition reimbursement, it has not offered to satisfy Sweeney's FMLA claim for her attorneys' fees under the FMLA. Until such time as Motorola has offered to satisfy

3

Sweeney's entire claim, including attorney's fees under the FMLA, Sweeney has not been made whole; and her FMLA claim is not moot.

8.  In its Motion to Dismiss, Motorola also asserts that "Attorneys' fees do not prevent dismissal of the claims [of Sweeney] due to the Supreme Court's rejection of the catalyst theory for purposes of determining an award of attorney's fees." (Dkt. No. 129 at 4 n.1.) In support of its assertion in this regard, Motorola cites the cases of *Buckhannon Board and Care Home, Inc. v. W. Va. Dept. of Health and Human Services*, 532 U.S. 598 (2001)[2]; *Bingham v. New Berlin School Dist.*, 550 F.3d 601 (7th Cir.2008)[3]; *Brogato v. Proviso Township Mental Health Comm'n*, 2008 WL 904775, *6 (N.D. Ill. Mar. 31, 2008)[4]. The holdings in the *Buckhannon*, *Bingham* and *Brogato* cases are not applicable to the fee-shifting provision in the FMLA, because the fee-shifting provisions construed by the *Buckhannon*, *Bingham* and *Brogato* courts each involve statutory fee-shifting provisions which provide courts with discretion regarding the awarding of attorney's fees. They also require a finding of a "prevailing party" for the recovery of attorney's

---

[2] The *Buckhannon* Court construed the fee-shifting provisions of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3113(c)(2), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205. *Buckhannon*, 532 U.S. at 600. The fee-shifting provision of the FHAA states that "[T]he court, in its *discretion*, may allow the *prevailing party* . . . a reasonable attorney's fee . . ." (emphasis added.) *Id.* at 601; $2 U.S.C. § 3613(c)(2). The fee-shifting provision of the ADA states that "[T]he court . . . in its *discretion*, may allow the *prevailing party* . . . a reasonable attorney's fee . . ." (emphasis added.) *Id.*: 41 U.S.C. § 12205. The *Buckhannon* Court held that the term "prevailing party" does not include a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nevertheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct; and that the fee-shifting provisions of the FHAA and the ADA require party to secure a either a *judgment on the merits* or a *court-ordered consent decree* in order to qualify as a "prevailing party." *Buckhannon, Id.* at 598, 600.

[3] The *Bingham* Court construed the fee-shifting provision of the Individuals with Disabilities in Education Act ("IDEA"), which states that "[T]he court, in its *discretion*, may award reasonable attorney's fees to a *prevailing party* . . ." (emphasis added.) 20 U.S.C. § 1415(i)(l); *Bingham*, 550 F.3d at 602. The *Bingham* Court held that the parents of a high school student were not "prevailing parties" under the IDEA for purposes of attorney's fees, because to be deemed a "prevailing party" there must be a material alteration in the legal relationship of the parties in the form of either an enforceable judgment or a court-ordered consent decree. *Id.* at 603 (citing *Buckhannon*, 532 U.S. at 606).

[4] The *Brogato* case involved a sexual harassment claim under Title VII. *Brogato*, 2008 WL 904775, *1. In Title VII cases, the court in its discretion, may allow a reasonable attorney's fee. 42 U.S.C. § 2000e-5(k).

fees. (See Footnotes 2 & 3.) The cases relied upon by Motorola are easily distinguished and are clearly inapplicable to the FMLA's fee-shifting provisions. The statutory fee-shifting provisions construed by the *Buckhannon, Bingham and Brogato* courts involved the Fair Housing Amendments Act ("FHAA"), the American with Disabilities Act ("ADA"), the Individuals with Disabilities in Educattion Act ("IDEA") and Title VII. (See Footnotes Nos. 2-4 below.) Each of the various statutory fee-shifting provisions construed by the *Buckhannon, Bingham* and *Brogato* courts mandate a "prevailing party" finding for the recovery of attorney's fees and further grant the district court discretion in the awarding of attorneys' fees. (See Footnotes Nos. 2-4 for the specific fee-shifting statutory language contained in each of the statues construed in the *Buckinghannon, Bingham* and *Brogato* cases.) Since the fee-shifting provisions of the FHAA, ADA, IDEA and Title VII grant courts discretion in the awarding of attorney's fees and require a "prevailing party" finding, they are exactly the "other" type of fee-shifting provisions distinguished by the 7th Circuit in *Franzen* because the FMLA's fee-shifting provision mandates, without discretion, an award of reasonable attorney's fees when a judgment is obtained. *Franzen*, 543 F.3d at 430. Therefore, Motorola's reliance on the holdings in *Buckhannon, Bingham* and *Brogato* cases is clearly misplaced and inappropriate in the recovery of attorney's fees under the FMLA.

9. Even if this Court were to find that the holdings in the *Buckhannon, Bingham* and *Brogato* cases are applicable to the FMLA's fee-shifting provision, Sweeney would still be entitled to the recovery of attorney's fees upon the entry by this Court of a judgment on the merits or a court-ordered consent decree, because such action would then qualify

5

Sweeney as a "prevailing party." *Buckhannon*, 532 U.S. at 598, 600; *Bingham*, 550 F.3d at 602; *see also* Footnotes Nos. 2 & 3 above.

10. The facts in the *Buckhannon* and *Bingham* cases are also distinguishable from the facts in this matter. In the case at bar, Sweeney's lawsuit has now been pending for slightly less than 8 years (filed on March 20, 2002) and has involved both extensive litigation in this Court and an appeal to the Seventh Circuit of Appeals. The *Buckhannon* and *Bingham* cases did not involved extensive litigation and remained pending for a much shorter periods of time. In *Bingham*, the litigation was pending for less than 50 days before the defendant, without admitting liability, voluntarily issued a check to the plaintiffs in the amount the plaintiffs had requested. *Bingham*, 550 F.3d at 602. The *Buckhannon* case was filed in 1997 and was concluded in 1998; and involved an agreed stay order entered on cease-and-desist orders, with the matter becoming moot as a result of state legislative amendments. *Buckhannon*, 532 U.S. at 601.

11. The denial of attorney's fees to Sweeney would be manifestly unjust in light of the fact that a major proportion of the time spend by Sweeney's attorneys in this matter relates directly to responding to the Motion for Summary Judgment filed by Motorola (Dkt. No. 117); and the fact that the appeal to the Seventh Circuit Court of Appeals resulted from the Court's granting of Motorola's Motion for Summary Judgment. *Breneisen v. Motorola, Inc.*, 512 F.3d 972. Motorola could have resolved this matter back in 2002 when the case was filed for the same amount and saved everyone considerable time and expense. However, they are now attempting to circumvent the biggest liability they now have with respect to Sweeney's claims – the claim for her attorneys' fees.

12. The denial of attorney's fee to Sweeney will also set a dangerous precedent permitting defendants, such as Motorola, to avoid the imposition of paying attorney's fees to a plaintiff after extensive litigation by simply tendering the full value of a claim once the defendant comes to the realization that it will be unsuccessful in its defense of a claim made pursuant to the FMLA or other statutory fee-shifting provisions or on the eve of trial.

## CONCLUSION

Based on the foregoing, Sweeney request that the Court enter a judgment order on her behalf in the amount of $3,840.00 pursuant to § 2617(a)(3) of the FMLA or, in the alternative, a court-decree finding her to be a "prevailing party" in this matter.

In addition, Sweeney requests that the Court grant her leave to file her petition for attorney's fees and costs pursuant the FMLA.

Dated: February 10, 2010

                              Respectfully submitted,

                              Anna Lienweaver Sweeney, Plaintiff

                              By: /s/George S. Bellas
                                  GEORGE S. BELLAS
                                  One of Plaintiff's Attorneys

Co-Counsel for Plaintiffs:
Robert A. Clifford
George S. Bellas, of Counsel
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Chicago, Illinois 60602
(312)899-9090

Paul Cicero
CICERO & FRANCE
4615 East State Street
Rockford, Illinois 61108
(815) 226-7000