IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES BRENEISEN, JR. et al.,<br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC. et al.,<br><br>Defendant. | Case No. 02 C 50509<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

James Breneisen ("James") and Anna Lineweaver Sweeney ("Anna") are two of six original plaintiffs in this lawsuit. Both alleged in the complaint that Defendants violated their rights under the Family Medical Leave Act ("FMLA"). Defendants now have a motion to dismiss all claims brought by James pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants also have a motion to dismiss all claims brought by Anna pursuant to Federal Rule of Civil Procedure 12(b)(1). Anna has a motion to convert Defendants' settlement tender into a judgment. The court will first address the motion regarding James's claims. The court will then address the motions regarding Anna's claims.

### II. Defendants' Motion to Dismiss All Claims Brought by James Pursuant to Rule 12(b)(1)

James was employed at various Motorola facilities between 1994 and 2003. In February 2000, he was given the title of Process Analyst. His duties at that time included receiving

1

merchandise for Motorola's Factory Express Program, tracking down outgoing packages, filing claims with UPS and Federal Express, devising shipping solutions, developing packaging materials, and formulating process improvement for the assembly line.

James took FMLA leave in January 2001. When he returned on April 9, 2001, he was reassigned to the keypad line—a production line position where James had to lift heavy boxes and manually press buttons on phone keypads to ensure that they worked properly. He considered the reassignment a demotion.

On April 20, 2001, James again took medical leave. It appears that a portion of this leave, approximately seven hours, was also covered by the FMLA. He returned to the keypad line on September 4, 2001. About three weeks later, he accepted a position as Contracts Coordinator in the Contract Department. James worked in that position until February 5, 2002, when he took another medical leave. He never returned to work, and he was officially terminated on June 27, 2003.

James's complaint alleges a number of FMLA violations, including failure to reinstate, discrimination, and retaliation. After the Seventh Circuit's opinion, *Breneisen et al. v. Motorola, Inc. et al.*, 512 F.3d 972 (7th Cir. 2008), James has three remaining potential causes of action. The first is that Motorola failed to reinstate James to the position of Process Analyst or an equivalent position when he returned to work on April 9, 2001. The second is that Motorola discriminated and retaliated against James by transferring him to the keypad line when he returned to work on April 9, 2001. In regard to this cause of action, the Seventh Circuit found that "[i]f the transfer was a demotion or resulted in fewer promotional opportunities, it would qualify as an adverse employment action and a materially adverse action." *Id*. at 979. The third

remaining potential cause of action is that Motorola discriminated and retaliated against James by way of his supervisor's, Patterson's, alleged harassment while he worked in the Contracts Department from late September until he left on medical leave on February 5, 2002.

On June 22, 2009, this court granted in part Motorola's motion in limine to bar evidence of James's medical condition. On October 27, 2009, this court granted in part James's motion to reconsider the June 22 ruling. The court limited damages available to James to periods when James could perform the functions of his previous position or one comparable, or where there still existed a balance on his FMLA-leave allotment. The court found that if James is physically unable to perform the functions of either his previous job or an equivalent job, then reinstatement is not an appropriate remedy and front pay is unavailable as damages. The court found that medical evidence related to proving that Motorola's discriminatory or retaliatory conduct after September 4, 2001 exacerbated James's medical condition such that James was unable to perform the duties of his previous job, or an equivalent job, was irrelevant to James's claims.

Pending before the court is Motorola's motion to dismiss all of James's claims. Motorola argues that the court's ruling limits James's damages to the following:

> the difference, if any, between the salary and benefits paid to [James] when he was reinstated to the keypad position in April 2001, and what he would have been paid of the eight days he worked in April 2001 plus the period of September 2001 through his last day worked of February 2001, had he been reinstated to the position of process analyst.

(Motorola's Mot. 2.) Because James received the same pay and benefits while he worked on the keypad line as he did when he was a Process Analyst, and because he received a raise when he moved to the Contracts Department, Motorola argues that James's damages are zero. According to Motorola, this renders James's claims moot and the court should dismiss them for lack of

subject matter jurisdiction.

Motorola is incorrect. There are still potential damages in this case. As pointed out by the Seventh Circuit, 512 F.3d at 979, James may have been denied promotion opportunities because he was moved to the keypad line upon his return from FMLA leave. If true, he would be entitled to the difference between what he would have made at a promoted position, including benefits, and what he made on the keypad line or in the Contracts Department.

Although James still has claims left, James admits in his response brief that the June 22 and October 27 rulings limit "the vast majority of the monetary legal damages and equitable front pay damages that James seeks to recover from Motorola under the FMLA." (James's Resp. 2.) At a hearing on March 9, 2010, James's counsel elaborated, stating that the court's rulings had eliminated any chance of proving damages for his claim that Patterson discriminated or retaliated against him while he worked in the Contracts Department. These damages were James's primary damages in this case.

Any trial would involve substantial transactional costs. Expert forensic information technology witnesses would testify. If James's damages are minor, the trial would not be cost effective for the plaintiff.

James wants to appeal the court's rulings that limited his damages. However, those rulings did not constitute final, appealable decisions under 28 U.S.C. § 1291 because James still has claims for which he can prove damages. James indicates that he will waive all his remaining claims for which he may be entitled to relief except for his claim that Defendants discriminated or retaliated against him by way of Patterson's conduct, and that the discriminatory or retaliatory conduct exacerbated his medical condition such that he is unable to work. If the court accepts

4

James's waiver, James represents that his remaining claim is moot because the court's June 22 and October 27 rulings eliminated all the damages for that claim.

Based on James's representation that he waives all claims except for his claim that Motorola discriminated or retaliated against him by way of Patterson's conduct exacerbated James's condition, and based on both parties' representations that accepting James's waiver and dismissing the case will save both sides a substantial amount of transactional costs, the court finds that James has no recoverable damages with regard to his one remaining claim. James's claim is moot, and this court no longer has subject matter jurisdiction over his claim. The court grants Motorola's motion to dismiss James's claims under Federal Rule of Civil Procedure 12(b)(1).

**III. Defendants' Motion to Dismiss Anna's Claims Under Rule 12(b)(1) and Anna's Motion to Convert Defendants' Settlement Tender into a Judgment**

Anna was employed at Motorola from February 2000 until her resignation in December 2001. During that time period, she took FMLA leave several times. She claims that Motorola discriminated and retaliated against her for taking FMLA leave by denying her request for tuition reimbursement. The Seventh Circuit found that the denial of the tuition reimbursement constituted an adverse employment action or a materially adverse action, and that Anna's discrimination and retaliation claims were viable.

After the Seventh Circuit's decision, Motorola tendered to Anna a check for $3840. This amount represents the total amount of tuition reimbursement for which Anna asserted she is entitled, multiplied by two to cover liquidated damages under the FMLA. Motorola's tender did not include any amount for attorneys' fees. Anna accepted the tender. Motorola now moves to dismiss her claims under Rule 12(b)(1). Motorola argues that, despite the fact that Anna's

5

counsel has been litigating this case for almost eight years, Anna's claim is moot and she is not entitled to any attorneys' fees under the statute because no judgment has been entered.

Anna argues that her case is not moot because attorneys' fees are part of her demand. Anna reasons that because the statute *mandates* an award of attorneys' fees if judgment is entered in favor of the plaintiff, it is distinguished from other fee-shifting statutes that allow the court discretion in awarding attorneys' fees. She argues that there still exists a claim or controversy for the court because her attorneys' fees have not been paid.

Assuming her case is not moot, Anna moves to convert the $3840 into a "judgment" as that term is used in the FMLA. Anna seems to suggest that the court has the "equitable power" to convert Motorola's tender into a "judgment" because attorneys' fees are an equitable remedy under the FMLA, and it would be inequitable for Motorola to dodge attorneys' fees liability after nearly eight years of litigation. Once the court converts the tender into a "judgment," the court would then be required to award attorneys' fees in accordance with the FMLA. Alternatively, Anna requests the court enter a "court-decree finding her to be a 'prevailing party' in this matter." (Sweeney's Mot. 7.)

The FMLA provides that an employer who is found to have violated the statute "shall be liable to any eligible employee affected for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," plus interest. 29 U.S.C. § 2617(a)(1)(A)(i)–(ii). The employer shall also be liable for liquidated damages equal that amount. *Id*. § 2617(a)(1)(A)(iii). Furthermore, the FMLA provides that "[t]he court in such an action shall, in addition to any *judgment* awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the

6

action to be paid by the defendant." *Id*. § 2617(a)(3) (emphasis added). "[A]n actual judgment in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA." *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008). This is different from other fee-shifting statutes, such as 42 U.S.C. § 1988, which require a finding that a plaintiff is a "prevailing party."

"Judgment," as that term is used in the Federal Rules of Civil Procedure, includes "a decree and any order from which an appeal lies." *Fed. R. Civ. P.* 54(a). "Every judgment and amended judgment must be set out in a separate document[.]"[1] *Fed. R. Civ. P.* 58(a). "A judgment must state the relief to which the prevailing party is entitled—and, to ensure that it does, the judge must review the draft before its entry." *Talley v. United States Dep't of Agric.*, No. 09-2123, 2010 WL 476656, 2010 U.S. App. LEXIS 2840, at *4 (7th Cir. Feb. 12, 2010).

In this case, the court has not entered a decree or an order from which an appeal lies regarding Anna's FMLA claims. There has been no separate document entered in this case stating the relief to which Anna is entitled, and nothing has been reviewed by the court. Thus, there has been no judgment entered in this case regarding Anna's claim. The plain language of the FMLA is clear: without a judgment entered, Anna is not entitled to attorneys' fees.

There do not remain any damages for which Anna can recover. There is no longer a live case or controversy regarding Anna's claims. Anna's claims are moot, and this court lacks subject matter jurisdiction in this case. *See Bingham et al. v. New Berlin Sch. Dist.*, 550 F.3d 601 (7th Cir. 2008) (holding where the defendant voluntarily tendered, without admitting

---

[1] Rule 58 provides that a separate document is not needed in five specific instances. Those exceptions are not applicable in this case.

7

liability, the full amount sought by the plaintiffs under the Individuals with Disabilities Education Act, those plaintiffs were not "prevailing parties" under the statute and their claim was moot). As such, the court grants Motorola's motion to dismiss for lack of subject matter jurisdiction. Despite the fact that Anna's claim is moot, the court will also address Anna's motion to convert.

The court cannot, as a matter of law, convert the tender made by Motorola into a judgment so that Anna can recover attorneys' fees. Doing so would require the court to decide on a case-by-case basis whether or not a plaintiff's attorney deserves fees after a defendant tenders the full amount of damages prior to entry of a judgment. This discretion muddies an otherwise clear statute and conflicts with the FMLA's mandatory award of fees under section 2617(a)(3).

Anna's argument that the court has equitable power to convert the tender into a judgment also fails. The FMLA provides for equitable remedies in section 2617(a)(1)(B). 29 U.S.C. § 2617(a)(1)(B). Under section 2617(a)(1)(B), an employer that violates the FMLA may be liable "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." *Id*. The plaintiff's right to attorneys' fees lies in section 2617(a)(3). It does not appear that Congress intended for attorneys' fees to be "equitable relief" under the FMLA. The court does not have the power to convert Motorola's tender into a judgment for the purposes of awarding Anna attorneys' fees.

Anna's final pitch is that the court should enter a "court-decree" finding her a "prevailing party." The court is unsure what difference this would make. The FMLA requires an actual

judgment in favor of the plaintiff for the plaintiff to recover attorneys' fees. Status as a "prevailing party" does not impact whether the plaintiff recovers attorneys' fees in this case. Anna's motion to convert the damages tender into a "judgment" is denied.

The court agrees with Anna that this outcome is harsh in this case. Under the statutory scheme, defendants can litigate a case for years only to tender the requested damages on the eve of trial and moot the claim. The risk of litigating an FMLA case for nearly eight years without a recovery of attorneys' fees may detract talented attorneys from taking FMLA cases. It is also less likely that defendants will make Rule 68 offers of judgment in cases where they can simply tender the requested damages and circumvent attorneys fees. However, these are matters for the legislature, not for the court.

## IV. Conclusion

James waives all of his claims except for his claim that Motorola's alleged discriminatory or retaliatory conduct after September 2, 2001 exacerbated his medical condition, thereby causing him damages. Because the court's June 22 and October 27 rulings eliminated the possibility that he can prove those damages at trial, James's claim is moot. The court grants Motorola's motion to dismiss James's case under Federal Rule of Civil Procedure 12(b)(1).

The court finds that Anna's claims are moot and grants Motorola's motion to dismiss Anna's claims under Federal Rule of Civil Procedure 12(b)(1). The court denies Anna's motion to convert Motorola's tender into a "judgment."

9

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: March 23, 2010